NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER

Electronically Filed
Intermediate Court of Appeals
CAAP-20-0000342
07-AUG-2024
08:23 AM
Dkt. 90 SO

NO. CAAP-20-0000342

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

GREG ALLEN, JR. and JOANNE B. ALLEN, Appellants-Appellees/Cross-Appellants, v. PLANNING DEPARTMENT OF THE COUNTY OF KAUAI/PLANNING COMMISSION OF THE COUNTY OF KAUAI; DONNA APISA, in her official capacity as Chairperson of the Planning Commission, Appellees-Appellants/Cross-Appellees

APPEAL FROM THE CIRCUIT COURT OF THE FIFTH CIRCUIT
(CASE NO. 5CC191000036)

## SUMMARY DISPOSITION ORDER
(By: Leonard, Acting Chief Judge, Hiraoka and Wadsworth, JJ.)

The County of Kaua'i, its Planning **Department** and Planning **Commission**, and Donna Apisa, in her official capacity as Chair of the Commission,[1] (collectively, the **County**) appeal, and Greg Allen, Jr. and Joanne B. Allen (the **Allens**) cross-appeal, from the **Final Judgment** entered by the Circuit Court of the Fifth Circuit on April 1, 2020.[2] The Final Judgment reversed the Commission's "Findings of Fact, Conclusions of Law, [and] **Decision and Order**" issued on February 7, 2019. For the reasons explained below, we vacate the Final Judgment, vacate the Decision and Order in part, and remand this case to the circuit

---

[1] Donna Apisa, the current chair of the Kaua'i County Planning Commission, is substituted for former chairs Sean Mahoney and Glenda Nogami-Streufert under Hawai'i Rules of Appellate Procedure Rule 43(c)(1).

[2] The Honorable Kathleen N.A. Watanabe presided.

court for further proceedings consistent with this summary disposition order.

The Allens own a single-family home (the **Wailua River House**) on the island of Kauaʻi.  On June 9, 2017, the Department issued the Allens a **Zoning Compliance Notice**.  The Allens were told they were operating a transient vacation rental[3] outside a Visitor Destination Area[4] in violation of Kauaʻi County Code (**KCC**) § 8-17.8(a) (1987).  They were directed to stop using the property as a transient rental and to cancel all transient accommodation commitments for the property.

On August 22, 2017, the Department issued the Allens a Notice of Violation & **Order to Pay Fines**.  It determined that the Allens continued to illegally offer the Wailua River House as a transient vacation rental after they received the Zoning Compliance Notice.  The Allens were fined $10,000 and ordered to correct their violation within 15 days, or face additional fines of $1,000 per day.

The Allens appealed the Order to Pay Fines to the Commission.  A hearings officer conducted a contested case hearing on October 15, 2018.  The Department requested a fine of $130,000.  The hearings officer's report and recommendation was filed with the Commission on January 3, 2019.

The Commission issued the Decision and Order on February 7, 2019.  The Commission found that the Allens had a state Transient Accommodation Tax License, but their property was not in a Visitor Destination Area and did not have a Nonconforming Use Certificate.  The Commission concluded that the Allens received notice of their violation and that they would be

---

[3]     "'Transient vacation rental' means a dwelling unit which is provided to transient occupants for compensation or fees, including club fees, or as part of interval ownership involving persons unrelated by blood, with a duration of occupancy of 180 days or less."  Kauaʻi County Code § 8-1.5 (1987).

[4]     "'Visitor destination area (VDA)' means those areas designated as Visitor Destination Areas on County of Kauaʻi Zoning Maps."  Kauaʻi County Code § 8-1.5.

subject to civil fines for continued violations. The Commission affirmed the Zoning Compliance Notice and the Order to Pay Fines and imposed a fine of $130,000.

The Allens appealed to the circuit court on March 8, 2019. The circuit court entered "Amended Findings of Fact, Conclusions of Law, [and a] Decision and Order" on March 19, 2020. The court reversed the Commission's Decision and Order and vacated the Allens' fines. The Final Judgment was entered on April 1, 2020. This appeal by the County and cross-appeal by the Allens followed.

## The County's Appeal

The County makes two arguments:[5] **(1)** the Commission's conclusion that the Allens unlawfully ran a transient vacation rental in violation of the Kauaʻi Comprehensive Zoning Ordinance was supported by substantial evidence; and **(2)** the Commission's conclusion that the Allens' continuing violation supported the imposition of an initial $10,000 fine and $120,000 in additional fines was supported by substantial evidence.

In this Hawaii Revised Statutes (**HRS**) § 91-14 secondary appeal, we review the Commission's decision to determine whether the circuit court was right or wrong to reverse the decision. Dao v. Zoning Bd. of Appeals, 144 Hawaiʻi 28, 38, 434 P.3d 1223, 1233 (App. 2019). The determinations at issue are mixed findings of fact and conclusions of law. We review mixed findings and conclusion under the clearly erroneous standard because they depend on the facts and circumstances of the case before the Commission. Id. at 39, 434 P.3d at 1234. A conclusion supported

---

[5] The County's statement of the points of error challenges a number of the circuit court's findings of fact. A circuit court reviewing an agency's decision and order in a contested case under Hawaii Revised Statutes § 91-14 acts as an appellate court; it does not review the evidence in the agency record to make its own findings of fact. Sierra Club v. Bd. of Land & Nat. Res., 154 Hawaiʻi 264, 284, 550 P.3d 230, 250 (App. 2024), cert. granted, No. SCWC-22-0000516, 2024 WL 3378462 (July 11, 2024). We decline to review the circuit court's findings of fact and instead analyze the issues presented by the County's arguments.

by the agency's findings of fact and applying the correct rule of law will not be overturned.  See Est. of Klink ex rel. Klink v. State, 113 Hawaiʻi 332, 351, 152 P.3d 504, 523 (2007).

**(1)**  The Kauaʻi County Code provides:

**Single Family Transient Vacation Rentals.**

**(a)**  . . . [S]ingle family transient vacation rentals are prohibited in all areas not designated as Visitor Destination Areas.

KCC § 8-17.8 (1987).

The KCC also provides:

**Enforcement Against Illegal Transient Vacation Rentals.**

. . . .

**(b)**  Advertising of any sort which offers a property as a transient vacation rental shall constitute prima facie evidence of the operation of a transient vacation rental on said property and the burden of proof shall be on the owner, operator, or lessee to establish that the subject property is not being used as a transient vacation rental or that it is being used for such purpose legally. . . .

KCC § 8-17.11 (1987).

The Department presented evidence that the Allens owned the Wailua River House; the house was advertised as a per-night rental on VRBO.com and wailuariverhouse.com; and the house was located outside a mapped Visitor Destination Area.  The Department also presented evidence that on August 2, 2017 (two months after the Zoning Compliance Notice was issued), the Allens offered to rent the Wailua River House to an undercover investigator for 8 days for $6,731.24, sending a rental agreement and a credit card authorization.  The Allens presented no evidence that the Wailua River House was not being used as a transient vacation rental or that they had a Nonconforming Use Certificate.  The record contains substantial evidence supporting the Commission's finding and conclusion that the Allens "have not overcome the [rebuttable] presumption that they operated the [Wailua River House] as a Transient Vacation Rental outside of a

Visitor Destination Area without a [Nonconforming Use Certificate.]"

The Allens argue the Department did not submit a map showing the Visitor Destination Area to the hearings officer. But a Department enforcement inspector testified she reviewed the Department map and determined the Wailua River House was outside a Visitor Destination Area. The Allens offered no evidence to the contrary.

The Allens cite Dao and argue the Department did not present "evidence of an actual rental to a transient occupant." Dao involved the City and County of Honolulu's Land Use Ordinance (**LUO**). The LUO defined "transient vacation unit" as a dwelling unit "provided for *compensation* to transient occupants for less than 30 days[.]" 144 Hawaiʻi at 29 n.1, 434 P.3d at 1224 n.1 (emphasis added). In Dao, a City inspector testified that an unidentified man said he was renting Dao's property for three days. Id. at 30, 434 P.3d at 1225. We held the evidence was insufficient to establish an LUO violation because "[t]here are no details of a monetary transaction or other indicia of compensation or any other supporting details or evidence of any kind." Id. at 44, 434 P.3d at 1239. The Dao opinion does not say whether the LUO contained an evidentiary presumption similar to KCC § 8-17.11(b).

Here, the Department presented evidence sufficient to establish a prima facie presumption of a violation under KCC § 8-17.11(b). The burden then shifted to the Allens to show that the Wailua River House "is not being used as a transient vacation rental or that it is being used for such purpose legally." Id. The Allens presented no such evidence. Under these circumstances, the Commission's finding and conclusion that the Allens violated KCC § 8-17.8(a) was not clearly erroneous.

**(2)** The Kauaʻi County Code provides:

> **Enforcement, Legal Procedures and Penalties.**
>
> . . . .

**(b)**   Civil Fines.

**(1)**   If the Director of the Planning Department determines that any person, firm or corporation is not complying with a notice of violation, the Director may have the party responsible for the violation served . . . with an order pursuant to this Section.  The order may require the party responsible for the violation to do any or all of the following: (A) correct the violation within the time specified in the order; (B) pay a civil fine not to exceed $10,000 in the manner, at the place, and before the date specified in the order; (C) pay a civil fine *up to* $10,000 per day for each day in which the violation persists, in the manner and at the time and place specified in the order. . . .

KCC § 8-3.5 (1987) (emphasis added).

The Kauaʻi County Code also provides, in relevant part:

**Penalty**.

An owner of any unit which is operated in violation of this Article, and/or any other person, firm, company, association, partnership or corporation violating any provision of this Article, shall each be fined not less than $500 nor more than $10,000 for each offense. . . . If any person fails to cease such violation within one month, such person shall be subject to a new and separate violation for each day the violation continues to exist.

KCC § 8-17.6 (1987).

The Zoning Compliance Notice told the Allens that they could be fined "up to $10,000.00 and/or up to $10,000.00 per day, should the violation(s) persist."  The Order to Pay Fines imposed a civil fine of $10,000 and ordered the Allens to correct their violation within 15 days, or "[a]n additional fine of $1,000 per violation, per day, for each day in which such violation persists shall be levied."  The Commission's conclusion affirming the $10,000 fine for the Allens' violation was supported by substantial evidence, consistent with KCC §§ 8-3.5 and 8-17.6, and not clearly erroneous.

A week before the October 15, 2018 contested case hearing, the Department discovered the Allens were still advertising the Wailua River House as a transient vacation rental.  According to the Department, the VRBO.com "website now

contains 12 separate visitor reviews indicating visitors that stayed in the Allen's [sic] property subsequent to them receiving the zoning compliance notice and cease and desist order." The Department asked that the $10,000 fine be increased "to $130,000 to encompass the continued violation." But the Order to Pay Fines, which imposed the $10,000 fine for the advertising violation, told the Allens that "[a]n additional fine of *$1,000* per violation, per day, for each day in which such violation persists shall be levied." (Emphasis added.)

The record does not support a finding or conclusion that the additional $120,000 in fines was based on $1,000 per day for each day the Allens continued to advertise the Wailua River House transient vacation rental beginning 15 days after the Order to Pay Fines was served. Instead, the record indicates that the Department requested an additional $10,000 fine for each of the 12 visitor reviews. But the Department did not issue a zoning compliance notice or a notice of violation and order to pay fines for any of those 12 transient rentals. KCC § 8-3.5(b)(1). The Commission thus exceeded its statutory authority by imposing the additional $120,000 civil fine. HRS § 91-14(g)(2) (Supp. 2018).

### The Allens' Cross-Appeal

The Allens argue that the 180-day period in the KCC's definitions of *Transient* and *Transient Vacation Rental* "is unduly burdensome and unreasonably restricts the free use of [their] property" and is "arbitrary and does not bear a reasonable relation to the public health, safety, morals or general welfare." They cite the Hawaiʻi Landlord-Tenant Code, which allows month-to-month rentals,[6] and provisions in the Revised Ordinances of Honolulu[7] and the Hawaiʻi County Code[8] that specify

---

[6]     HRS § 521-71 (2018).

[7]     Revised Ordinances of Honolulu § 21-10.1 (1990 & Supp. No. 31). The Revised Ordinances of Honolulu was amended effective November 18, 2022 to specify 90-day periods for transient accommodations, occupants, and vacation
(continued...)

30-day periods for transient or short-term vacation rentals.
They cite no provision in the Hawaiʻi Constitution or the United
States Constitution.  We nevertheless construe their argument as
an attack on the County's police power.  See Lum Yip Kee, Ltd. v.
City & Cnty. of Honolulu, 70 Haw. 179, 190, 767 P.2d 815, 822
(1989) (noting that "the power to zone is an exercise of the
police power of a municipality").

        The Allens made their argument to the Commission.  The
Commission made no finding or conclusion on the 180-day issue,
nor could it have.  See HOH Corp. v. Motor Vehicle Licensing Bd.,
69 Haw. 135, 143, 736 P.2d 1271, 1276 (1987) ("The administrative
agency is not empowered to pass on the validity of the statute
. . . .").  The circuit court did not address the issue.
Accordingly, we remand this case to the circuit court to decide
whether the KCC's 180-day minimum rental period for single-family
homes outside a Visitor Destination Area was a proper exercise of
the County's police power.  See id. at 143, 736 P.2d at 1276
(remanding to circuit court to determine constitutionality of
regulatory statute).

        **Disposition**

        The circuit court's April 1, 2020 Final Judgment is
vacated.  The February 7, 2019 Decision and Order is affirmed to
the extent it vacated the additional $120,000 fine.  This case is
remanded for the circuit court to decide whether the KCC's 180-
day minimum rental period for single-family homes outside a
Visitor Destination Area was a proper exercise of the County's
police power.  If the circuit court concludes it was, it should
affirm the Commission's finding of a violation and imposition of
the $10,000 fine; if the circuit court concludes it was not, it

---

[7](...continued)
units.  Revised Ordinances of Honolulu § 21-10.1 (2021).

        [8]        Hawaiʻi County Code § 25-1-5 (eff. Apr. 1, 2019).

should reverse the Commission's February 7, 2019 Decision and Order on that basis.

DATED: Honolulu, Hawai'i, August 7, 2024.

On the briefs:

Chris Donahoe,
Deputy County Attorney,
for Planning Department of
the County of Kaua'i/
Planning Commission of
the County of Kaua'i;
Donna Apisa, in her official
capacity as Chairperson of
the Planning Commission.

Gregory W. Kugle,
Joanna C. Zeigler,
for Greg Allen, Jr.
and Joanne B. Allen.

/s/ Katherine G. Leonard
Acting Chief Judge

/s/ Keith K. Hiraoka
Associate Judge

/s/ Clyde J. Wadsworth
Associate Judge